UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN THE MATTER OF THE APPLICATION OF LUKOIL BENELUX B.V. FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. §1782

No. 23-MC-263

---

## MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION OF LUKOIL BENELUX B.V. FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. §1782

Lukoil Benelux B.V. (the "**Applicant**" or "**Lukoil**") respectfully submits this Memorandum of Law in support of its Application for an order pursuant to 28 U.S.C. § 1782: (a) authorizing the Applicant to take discovery from The Clearing House Payments Company L.L.C. ("**Clearing House**" or "**CHIPS**"), as well as several banks, namely, Bank of America N.A., Citibank N.A., Deutsche Bank Trust Company Americas, Standard Chartered Bank, HSBC Bank USA, N.A., JPMorgan Chase Bank, N.A., The Bank of New York Mellon, Wells Fargo Bank N.A., Santander Bank, N.A., and Credit Agricole CIB (collectively, "**Respondent Banks**" or "**Respondents**"); and (b) ordering the Respondents to provide such discovery.

All such discovery is for use in foreign court proceedings already pending in England (the "**English Proceedings**"). The defendants to the English Proceedings are Oil Distribution Terminals S.L. ("**ODT**"), Biomar Oil S.L. ("**Biomar**"), Buran Energy S.A. ("**Buran**"), Corporacion Financiera Kleber Iberica S.L. ("**Kleber Iberica**"), Mr Tirso-Jose-Maria Tomas Herrero ("**Mr Tomas**") and Mr Juan Antonio Molina Garcia ("**Mr Molina**") (collectively, the "**Foreign Defendants**"). Further court proceedings in England, and other potential jurisdictions, including applications for interim measures, are also contemplated, depending on discovery of

1

information from the Respondent Banks. All such actions are, or will be, before foreign tribunals within the meaning of 28 U.S.C. §1782.

## STATEMENT OF FACTUAL ALLEGATIONS

### The Underlying Dispute

The Applicant is currently the claimant in the English Proceedings. Those proceedings are currently pending before the High Court of Justice, Business and Property Court of England and Wales, King's Bench Division (Formerly Queen's Bench Division), Commercial Court. The procedural posture of the English Proceedings is summarized in the Applicant's accompanying Application at its paragraphs 10 to 11 (and with reference to underlying papers filed or issued in the English Proceedings which are annexed to the Declaration of Joseph William Gosden dated August 7, 2023 ("**Gosden Decl.**"). Likewise, the key underlying allegations are summarized in paragraphs 8 to 9 of the Application.

All of those points are fully incorporated herein. In the interest of brevity, only a further summary is set forth in this Memorandum. Those allegations are essentially that ODT, operating in conjunction with, or at the direction of, the other Foreign Defendants wrongfully exercised control over and illegally transferred diesel which is owned by the Applicant. The value of that diesel is in excess of USD 21.25 million. The diesel had been stored at terminal facilities operated by ODT pursuant to certain contractual relations. No later than when the contract term expired, ODT began to undertake its wrongful activities in conjunction with the other Foreign Defendants. In response, Applicant commenced the English Proceedings and through those proceedings obtained multiple interim injunctions, restraining further conduct of that nature and ordering disclosures. The disclosures notably were to address the nature of subsequent transfers and current disposition of the diesel product. However, they have not been complied with by the Foreign

Defendants. Applicant now seeks discovery pursuant to §1782 for the purpose of, amongst other things, identifying where and to whom the product went – all for use in connection with the English Proceedings.

## ARGUMENT

1. **The Application should be granted as it satisfies the Supreme Court's three-part test set forth in *Intel*.**

28 U.S.C. §1782 authorizes discovery for use in proceedings before foreign and international tribunals. In *Intel Corp. v. Advanced Micro Sys., Inc.*, the Supreme Court set forth a three-part test to be considered in the context of a 28 U.S.C. §1782 application. 542 U.S. 241 (2004). These factors are that: (1) the discovery sought is for use in a foreign tribunal; (2) the person from whom discovery is sought is found or resides within the district where the application is made; and (3) the party seeking the discovery is an interested person in the foreign proceeding. *Id.* The Applicant respectfully submits that all three requirements are readily satisfied here.

<u>The Discovery is sought for use in foreign proceedings</u>

As to the first requirement, the Applicant seeks discovery for use in connection with pending court proceedings in England. Further court proceedings in England or other foreign jurisdictions, depending on discovery of information from the Respondent Banks, are also reasonably contemplated.

Among other purposes, the Applicant intends to use information discovered from the Respondent Banks in order to:

(1) Determine how and to whom the Foreign Defendants sold or otherwise transferred the concerned diesel product (the "**Product**");

(2) Trace the proceeds from the sale of the Product;

(3) Determine Mr. Molina's and Mr. Tomas' location to effectuate service;

(4) Rebut potential challenges by the Defendants to the claims brought in England;

(5) Determine whether the Defendants complied, or continue to comply, with injunctions issued against them by the English court; and

(6) Commence further court proceedings, or expand the existing proceedings, based upon discovery obtained.

As such, the Applicant respectfully submits that the discovery sought is for use in foreign proceedings.

<u>The Respondent Banks are found or reside in this District</u>

As to the second requirement, Respondents each maintain offices located within the geographical confines of the Southern District of New York:

    a.    The Clearing House Payments Company L.L.C at 1114 Avenue of The Americas, 17th Floor, New York, NY 10036;

    b.    Bank of America, N. A. at 88 Bowery, New York, NY 10013;

    c.    Citibank N.A. at 388 Greenwich Street, New York, NY 10013;

    d.    Deutsche Bank Trust Company Americas at 1 Columbus Circle New York, NY 10019-8735;

    e.    Standard Chartered Bank at 095 Avenue of the Americas, New York, NY 10036;

    f.    HSBC Bank USA, N.A. at 452 Fifth Ave., New York, NY, 10018;

      g.      JPMorgan Chase Bank, N.A. at 383 Madison Avenue, New York, NY 10017 (the registered agent is CT Corporation System at 28 Liberty St., New York, New York 10005.);

      h.      The Bank of New York Mellon at 240 Greenwich Street, New York, NY 10286;

      i.      Wells Fargo Bank N.A. at 666 Third Avenue, New York, NY 10017;

      j.      Santander Bank, N.A. at 222 Broadway New York, NY 10038; and

      k.      Credit Agricole CIB at 1301 Avenue of the Americas, New York, NY 10019.

The Respondents, the persons from whom discovery is sought, are thus clearly found within the Southern District of New York. This statutory requirement of §1782 is therefore met.

<u>The Applicant is an interested person in the foreign proceedings</u>

As to the third requirement, the Applicant is the plaintiff in the pending proceedings in England and will be the plaintiff in any, additional foreign proceedings depending on discovery from the Respondent Banks.

As such, the Applicant is an interested person in those foreign proceedings and thereby satisfies the third *Intel* requirement. *In re Application of Esses*, 101 F.3d 873, 875 (2d. Cir. 1996) (demonstrating that the statute is clear that a party to a foreign proceedings "is an 'interested person' within the meaning of the statute").

## 2. The Discretionary Factors Also Weigh in Favor of Granting This Application

The Applicant respectfully submits that the Court should exercise its discretion in favor of granting the Application in the manner and to the extent requested by the Applicant, as all discretionary factors also weigh in favor of this Application.

Such discretion is exercised pursuant to the "twin aims" of 28 U.S.C. §1782 which are: (1) to provide efficient means of assistance to participants in international litigation in federal courts; and (2) to encourage foreign countries by example to provide similar means of assistance to US courts. *In re Application of Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004).

In *Intel*, the Supreme Court held that there are four factors relevant to the inquiry as to whether a court should exercise its discretion under §1782: (1) "whether the person from whom discovery is sought is a participant" in the foreign proceedings; (2) the nature and character of the foreign proceeding, and whether the foreign court is receptive to judicial assistance from the United States; (3) whether the §1782 discovery request conceals an attempt to avoid foreign evidence-gathering restrictions of a foreign country; and (4) whether the discovery requests are "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 263-266. Each factor here weighs in favor of granting the Application.

<u>Respondent Banks Are Not Parties in Foreign Proceedings</u>

When a person from whom discovery is sought is a party to the foreign proceedings, "the need for §1782(a) aid is generally not as apparent as it ordinarily is when evidence is sought from a non-participant in the matter arising abroad." *Intel Corp.*, 542 U.S. at 244. This is because the foreign tribunal would, presumably, have the power to command the production of evidence from parties appearing before it. *Id.*

Here, none of the Respondent Banks is a participant in any concerned foreign proceeding, and thus this factor weighs in favor of granting the Application.

The Foreign Courts Are Receptive to US Judicial Assistance

Any purported lack of receptivity to US discovery assistance on the part of a foreign tribunal requires authoritative proof that the foreign tribunal would outright reject such assistance. Indeed, "[a] court should deny discovery on the basis of lack of receptiveness *only* where it is provided with 'authoritative proof that the foreign tribunal would reject evidence obtained with the aid of section 1782.'" *In re B&C KB Holding GmbH,* 22-MC-180, 2023 WL 1777326 *6 (S.D.N.Y. Feb. 6, 2023) (citing *Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100, 1102 (2d Cir. 1995) (cleaned up) (emphasis added).

Here, the ongoing proceedings are in England. No aspect of those proceedings runs against use of §1782 as prayed for by the Applicant. English courts will not reject evidence obtained through §1782 applications unless the application was oppressive, vexatious or otherwise unconscionable, none of which is the case here. *See Dreymoor Fertilisers Overseas Pte Ltd v Eurochem Trading Gmbh* [2018] EWHC 2267 (Comm); *Soriano v Forensic News LLC* [2023] EWCA Civ 223 (copies of which are annexed as Exhibits I and J, respectively, to the Gosden Decl.).

No Proof Gathering Restrictions Are Engaged

The third *Intel* factor seeks to identify attempts to circumvent foreign proof-gathering restrictions or other policies of a foreign country. *Intel*, 542 U.S. at 264-65. To demonstrate circumvention, persons opposing an application must show, not merely that the requested information is not obtainable through procedures abroad, but that the Applicant is engaged in a bad faith endeavor to misuse Section 1782. *In re B&C KB Holding GmbH*, at *7 (S.D.N.Y. Feb.

6, 2023) (citing *In re Hansainvest Hanseatische Inv.-GmbH*, 364 F. Supp. 3d 243, 251 (S.D.N.Y. 2018) (cleaned up)).

Here, no such circumstances could be described as even remotely present. This is a straightforward application for documentary discovery that is located within this District.

### The Discovery Request Is Not Burdensome or Intrusive

The final *Intel* factor directs courts to be mindful of overly intrusive or burdensome discovery requests. *Intel*, 542 U.S. at 264-65. Here, it can hardly be said that the narrowly tailored Application would be unduly intrusive or burdensome to the Respondent Banks, particularly given modern data storage techniques of these Banks. The scope of discovery sought can be efficiently searched, collected, and transmitted by the Respondent Banks.

### *Ex Parte* Relief is Appropriate

District courts may—and customarily do—resolve applications for discovery pursuant to Section 1782 through *ex parte* proceedings. *Ex parte Abdalla,* 20-MC-727, 2021 WL 168469 (S.D.N.Y. Jan. 19, 2021) ("Applications for issuance of subpoenas pursuant to section 1782 are often made *ex parte*."); *see also In re Perez Pallares,* 10-CV-02528, 2010 WL 4193072 *2 (D. Colo. Oct. 20, 2010) ("to the extent the respondents disagree or seek modification of the requirements, such can be the subject of appropriate motions.").

Furthermore, in light of the Foreign Defendants' conduct before and during the pendency of the English proceedings (in particular, their wrongful removal of, and exercise of control over, the diesel together with their disregard for the provisions of interim injunctions) (*see* Gosden Decl., Exs. A, H, and K), there is a risk that if *ex parte* relief is not granted, the Foreign Defendants may take further steps to confuse or conceal information pertaining to their locations or relevant transactions involving the Product.

## CONCLUSION

For all the foregoing reasons, the Applicant respectfully submits that the Court should grant the instant Application.

Dated: August 7, 2023
      New York, New York


Respectfully submitted,

      ZEILER FLOYD ZADKOVICH (US) LLP

By: /s/ Edward W. Floyd
    Edward Floyd

    33 East 33rd Street, Suite 905
    New York, New York 10016
    ed.floyd@zeilerfloydzad.com

    Tel: (917) 999 6914

*Attorneys for Applicant*